*1274 OPINION.
Van Fossan:
Section 204 (a) (8) of the Revenue Act of 1926 provides as follows:
.(a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—
* * * * * * *
(8) If the property (other than stock or securities in a corporation a party to a reorganization) was acquired after December 31, 1920', by a corporation by the issuance of its stock or securities in connection with a transaction described in paragraph (4) of subdivision (h) of section 203 (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money in addition to such stock or securities), then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made; * * *.
Section 203 is, in part, as follows:
(a) Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 202, shall be recognized, except as hereinafter provided in this section.
# * * * * * *
(b) (4) No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities *1275 in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.
The question of the constitutionality of section 204 (a) (8) of the Revenue Act of 1924, the language of which is identical with that of the same section of the 1926 Revenue Act, was considered in Osburn California Corporation v. Welch, 39 Fed. (2d) 41; certiorari denied, 282 U. S. 850; while in Newman, Saunders & Co. v. United States, 36 Fed. (2d) 1009; certiorari denied, 281 U. S. 760, the Court of Claims had before it the same question under both the 1924 and 1926 Acts. In both cases the section was held to be not unconstitutional. See also Haas Building Co., 22 B. T. A. 528.

Judgment will be entered for the respondent.